Filed 5/12/22  P. v. Magallon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076464 |
| v. | (Super.Ct.No. RIF1602770) |
| MIGUEL ANGEL MAGALLON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge.

Affirmed in part, reversed in part, and remanded with directions.

Avatar Legal and Cynthia M. Jones, under appointment by the Court of Appeal,

for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Michael

Pulos, Joy Utomi, Eric A. Swenson, and Kathryn A. Kirschbaum, Deputy Attorneys

General, for Plaintiff and Respondent.

Defendant and appellant Miguel Angel Magallon was tried and convicted of

attempted murder and assault with a deadly weapon, as well as several enhancements of

1

those counts. He was originally sentenced to an indeterminate sentence of 14 years to life plus a determinate sentence of nine years.

In a previous appeal, we rejected Magallon's challenges to the judgment of conviction, but remanded for the trial court to consider whether to grant mental health diversion under the newly enacted Assembly Bill No. 1810 (2018 Reg. Sess.) and, if necessary, to resentence Magallon. (*People v. Magallon* (May 29, 2019, E069524) [nonpub. opn.].) We directed that, if resentencing was necessary, the trial court should (1) consider whether to exercise its discretion under another newly enacted law, Senate Bill No. 1393 (2017-2018 Reg. Sess.), to dismiss the prior serious felony conviction enhancement that was previously imposed and (2) strike, rather than stay, any prison prior enhancement that could not be applied to Magallon's sentence because it was also the basis for an imposed serious prior felony conviction enhancement. (*Magallon*, *supra*, E069524.) On remand, the trial court denied Magallon's request for mental health diversion and resentenced him to a term of 14 years to life plus a determinate sentence of eight years.

In this appeal, Magallon contends the trial court abused its discretion in denying him mental health diversion. He argues the trial court applied the wrong standard, looking only at his past conduct in assessing the risk he poses to public safety, and failing to consider "the potential effect" that "treatment might have on [his] behavior." He also observes that the trial court apparently expressed, albeit in an ambiguous manner, its intention to simply strike two prison prior enhancements; one (previously stayed) in

accordance with our directions on remand, and the second (previously imposed) because of an intervening change in the law. Both the minute order of the sentencing hearing and abstract of judgment, however, indicate instead that the two prison prior enhancements were imposed, but with punishment stricken. Magallon argues that the prison prior enhancements should be stricken, to the extent that has not already been done, and that the minute order of the sentencing hearing and abstract of judgment should reflect that circumstance. Additionally, in supplemental briefing, Magallon argues that remand for resentencing is required to allow the trial court to exercise its new discretion under yet another change in the law, enacted by Assembly Bill No. 518 (2021-2022 Reg. Sess.).

We are not persuaded that the trial court applied the wrong standard in considering whether to grant mental health diversion. Magallon's other two contentions, however, are meritorious, as the People concede. We therefore affirm the trial court's order denying mental health diversion, but vacate Magallon's sentence and remand for the trial court to resentence him.

## I. BACKGROUND

As discussed in our previous opinion, Magallon's current charges arise from an incident in which he stabbed his maternal uncle multiple times with a knife. (*People v. Magallon*, *supra*, E069524.) The jury convicted Magallon of attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a); count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 2), found the attempted murder was willful, deliberate, and premeditated,

---

[1] Undesignated statutory references are to the Penal Code.

3

and found true allegations as to both counts that Magallon had personally inflicted great bodily injury (§ 12022.7, subd. (a)). The trial court found true allegations relating to two prior convictions, both of which were alleged to be prison priors (§ 667.5, subd. (b)), and one of which was also alleged to be a strike prior (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)) and a serious felony prior (§ 667, subd. (a)). (*People v. Magallon*, *supra*, E069524.)

Magallon was originally sentenced as follows: On count 1, the court imposed an indeterminate term of 14 years to life (seven years to life, doubled by the strike prior), plus a determinate term of nine years, consisting of three years for the great bodily injury enhancement of count 1, five years for the serious felony prior, and one year for one of the prison priors. On count 2, the court imposed, but stayed pursuant to former section 654, a determinate sentence of nine years (the midterm of three years, doubled by the strike prior, plus three years for the great bodily injury enhancement). The court also imposed, but stayed, an additional one-year sentence for the prison prior allegation relating to the same conviction used as a serious felony prior on count 1. (*People v. Magallon*, *supra*, E069524.)

On remand after the previous appeal, the trial court rejected Magallon's request for mental health diversion with reference to "prong six" of the requirements for mental health diversion, that the court be "satisfied that the defendant will not pose an unreasonable risk of danger to public safety . . . if treated in the community." (§ 1001.36, subd. (b)(1)(F).) In so doing, the court commented as follows: "[U]nder prong six, the

Court does not find that he's eligible for Mental Health Diversion, as he and his conduct in this case do constitute significant danger to the community. And I would find that he is ineligible based on the prong six analysis as well as unsuitable for Mental Health Diversion, the case at hand, the charge, in this instance, and he, as the defendant. So I'm going to deny the request for Mental Health Diversion at this time."

In January 2021, the trial court resentenced Magallon to a new term of imprisonment that differed only slightly from his original sentence. The difference relates to the two one-year prison priors, one of which was originally imposed and the other stayed. The trial court apparently intended to order both prison priors stricken, resulting in a new sentence consisting of 14 years to life, plus a determinate term of eight years. Its comments on the issue, however, were ambiguous: "[A]s to the two 667.5(b) priors, one of which the Court of Appeal did address in that the Court stayed the punishment and the punishment was for the same offense which the court imposed five years on, therefore, the Court must strike the punishment with respect to Prior 2. With respect to Prior 3, the Court did impose one year consecutive. However, there has been a change in the law as well indicating that 667.5(b) priors are no longer to be filed.[2] And, in that regard, the Court will strike that prior as well . . . which would then mean the defendant's total sentence would be an eight-year determinate term as opposed to nine years. And then the 14-to-life sentence will remain . . . ." These comments were

---

[2] More precisely, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b), so that the enhancement only applies to prior prison terms served for sexually violent offenses. (§ 667.5, subd. (b).) It is undisputed that Magallon's prison priors were not for sexually violent offenses.

reflected in the minute order of the sentencing hearing and in the abstract of judgment as an order that the two prison priors be imposed with punishment stricken, rather than simply stricken.

## II. DISCUSSION

A. *Mental Health Diversion*

With exceptions not applicable here, the trial court may grant mental health diversion under section 1001.36 if it finds: (1) the defendant suffers from an identified mental disorder; (2) the mental disorder played a significant role in the commission of the charged offense; (3) the defendants symptoms will respond to treatment; (4) the defendant consents to diversion and the defendant waives his or her speedy trial rights; (5) the defendant agrees to comply with treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety, as defined in section 1170.18, if the defendant is treated in the community. (§ 1001.36, subd. (b)(1).) Section 1170.18 defines "unreasonable risk of danger to public safety" to mean an "unreasonable risk" that the defendant will commit one of the particularly serious or violent offenses listed in section 667, subdivision (e)(2)(C)(iv), which are "known colloquially as 'super strikes.'" (*People v. Valencia* (2017) 3 Cal.5th 347, 351.) Among other listed offences, "[a]ny homicide offense, including any attempted homicide offense," is a super strike. (§ 667, subd. (e)(2)(C)(iv)(IV).) In considering whether a defendant poses an unreasonable risk of danger to public safety, the court "may consider the opinions of the district attorney, the defense, or a qualified mental health expert, and may consider the defendant's

6

violence and criminal history, the current charged offense, and any other factors that the court deems appropriate." (§ 1001.36, subd. (b)(1)(F).)

We review the trial court's ruling on a request for mental health diversion for abuse of discretion. (*People v. Williams* (2021) 63 Cal.App.5th 990, 1000.) "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence [citation]." (*People v. Moine* (2021) 62 Cal.App.5th 440, 449.)

Magallon asserts that the trial court applied the wrong legal standard, arguing that its comments indicate he was denied mental health diversion based entirely on his current offenses and criminal history, and "without taking into account the effect of treatment on the risk of danger posed by appellant's behavior if mental health diversion is granted." While the trial court's comments are not a model of clarity, we are not persuaded by Magallon's interpretation. The trial court expressly acknowledged reading and considering the defense's arguments and evidence, including mental health reports and expert opinions. The defense emphasized, among other things, that Magallon's mental health symptoms were alleviated when he received treatment while incarcerated, such that he is "able to control his behavior," arguably suggesting he is unlikely to commit a super strike offense if treated in the community. Taken in that context, the trial court's comments are best understood to indicate it was not persuaded by Magallon's arguments, and that it weighed the evidence, and particularly the evidence of Magallon's current

7

offenses (which include a super strike) and criminal history, differently than Magallon would prefer. That is not an abuse of discretion, but rather an appropriate exercise of discretion. We therefore will not disturb the trial court's ruling.

B. *Assembly Bill No. 518*

Under the law in effect at the time of Magallon's resentencing, a defendant who committed an act punishable by different laws had to be punished under the law that provided for the longest possible term of imprisonment. (Former § 654, subd. (a).) Effective January 1, 2022, Assembly Bill No. 518 amended section 654 to allow the trial court discretion to choose to punish the defendant under any of the applicable laws. (§ 654, subd. (a); see Stats. 2021, ch. 441, § 1.) The People concede, and we agree, that Magallon is entitled to the benefit of this ameliorative change in the law, since his case is not yet final. (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307-308 [discussing *In re Estrada* (1965) 63 Cal.2d 740].) The matter must therefore again be remanded for resentencing so that the trial court can consider how to exercise its new sentencing discretion.

C. *Prison Priors*

The parties agree, as do we, that the two prison prior enhancements alleged against Magallon and previously found true are not viable under current law because the underlying convictions were not for sexually violent offenses. (See § 667.5, subd. (b).) We trust that in resentencing Magallon, the trial court will order those enhancements

8

stricken, to the extent that has not already been done, and that the minute order of the resentencing hearing and new abstract of judgment will so indicate.

## III.  DISPOSITION

The denial of Magallon's request for mental health diversion is affirmed. Magallon's sentence is vacated and the matter is remanded to the trial court with directions to resentence Magallon, including by considering which punishments should be stayed under section 654 as amended by Assembly Bill No. 518.  The clerk of the court shall then prepare an amended abstract of judgment reflecting Magallon's new sentence.  The clerk of the court shall then send a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

MILLER _____
Acting P. J.

CODRINGTON _____
J.

9